# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

Alexis Lundy,

           Plaintiff,

v.                            Case No. 1:20-cv-3405-MLB

Publix Super Markets, Inc.,

           Defendant.

_____/

## OPINION & ORDER

This is a slip-and-fall case.  Defendant moves for summary judgment.  (Dkt. 27.)  The Court grants Defendant's motion.

## I.  Local Rule 56.1(B)

Plaintiff failed to comply with Local Rule 56.1(B).  Under that rule, when a movant for summary judgment files a statement of material facts, those facts are deemed admitted unless the respondent (1) "directly refutes the movant's fact[s] with concise responses supported by specific citations to evidence"; (2) "states a valid objection to the admissibility of the movant's fact[s]"; (3) points out that the movant's record citations do not support the movant's facts; or (4) asserts that the movant's facts are

immaterial or otherwise failed to comply with Local Rule 56.1(B)(1).  *See* LR 56.1(B)(2)(a)(2), NDGa.  Compliance with this rule is "the only permissible way for [a respondent] to establish a genuine issue of material fact" at the summary judgment stage.  *Reese v. Herbert*, 527 F.3d 1253, 1268 (11th Cir. 2008).

Plaintiff did not file a response to Defendant's statement of material facts.[1]  Plaintiff's failure to comply with Local Rule 56.1 is not a mere technicality.  *Mann v. Taser Int'l, Inc.*, 588 F.3d 1291, 1303 (11th Cir. 2009).  The Eleventh Circuit has noted that it "protects judicial resources by making the parties organize the evidence rather than leaving the burden upon the district judge."  *Reese*, 527 F.3d at 1268.  The Court cannot undertake the burdensome job of sifting unguided through the docket in a hunt for evidence that might support Plaintiff's version of

[1] Plaintiff did set forth some facts in her brief, but those facts are not properly before the Court because the Court will not consider any fact set out only in the brief and not in a separate statement of undisputed facts. *See Smith v. Mercer*, 572 F. App'x 676, 678 (11th Cir. 2014) (per curiam) ("A district court applying Local Rule 56.1 must 'disregard or ignore evidence relied on by the respondent—but not cited in its response to the movant's statement of undisputed facts—that yields facts contrary to those listed in the movant's statement.'"); *see also Thompson v. Eaton Corp.*, No. 1:18-CV-5427-ELR-CCB, 2020 WL 5691605, at *7 (N.D. Ga. July 31, 2020), *adopted by* 2020 WL 5677380 (N.D. Ga. Aug. 18, 2020).

events.    Defendant's facts, which the Court finds supported by Defendant's record citations, are therefore deemed admitted for purposes of resolving the motion for summary judgment.    This determination, however, does not discharge Defendant's burden at summary judgment. The Court must still review the evidence to determine whether, based on the undisputed facts, Defendant is entitled to judgment as a matter of law.    *See Smith*, 572 F. App'x at 678 ("Failure by the non-moving party to comply with Local Rule 56.1 is 'the functional analog of an unopposed motion for summary judgment,' but the district court must review 'the movant's citations to the record to determine if there is, indeed, no genuine issue of material fact[]' before granting summary judgment." (quoting *Reese*, 527 F.3d at 1269)).    With that in mind, the Court now turns to the facts giving rise to this litigation.

## II.  Background

On July 11, 2018, Plaintiff went to a Publix store to shop with her husband.  (Dkt. 27-5 ¶ 1.)  After completing her shopping, but before her husband had finished shopping, she went to the restroom.  (*Id.* ¶ 2.)  In the restroom, Plaintiff walked past an older woman and entered the handicapped stall.  (*Id.* ¶ 3.)  She remained in the stall for a few minutes

and then fell in the restroom as she was leaving. (*Id.* ¶¶ 4, 10.) Plaintiff admitted that she walked through the exact area where she fell when she entered the restroom:

> Q: Okay. Was it in front of the door to leave the restroom?
>
> A: It was halfway between the stall that I use[d] and halfway to, like, out the door.
>
> Q: When you walked into the stall, did you walk past that area where –
>
> A: Yes. It was slippery going into it, but I just kept going to the bathroom because I really had to use the bathroom.

(*Id.* ¶ 5.) She also admitted that she noticed wet spots and trash on the floor when she entered the restroom. (*Id.* ¶ 6.) Despite knowing the floor was wet before she fell, Plaintiff did not see the water when she fell, although she could have if she looked down because the water was not hidden from view. (*Id.* ¶¶ 8–9.) Plaintiff said she did not look at the floor when she exited the stall because she was concerned her husband would add extra items to their shopping cart. (*Id.* ¶ 12.)

Joseph Destorch (the store manager) and Clinton Baker (a customer service manager) responded to the incident. (*Id.* ¶¶ 14–15, 17–18.) Destorch does not recall any liquid or debris on the floor. (*Id.* ¶ 15.) Baker also does not recall seeing any substance on the floor that would

4

cause her to fall or slip. (*Id.* ¶ 18.) Indeed, Mr. Baker recalls the floor being clean and dry upon inspection after Plaintiff's fall. (*Id.* ¶ 19.)

Defendant's inspection policy is called "Don't Pass It Up, Pick It Up." (*Id.* ¶ 20.) As part of this policy, Defendant's employees visually scan the floors while they are working. (*Id.*) If an employee observes any debris or hazardous condition, he or she must remove the hazard when it is discovered or stay with the hazard until another employee retrieves the materials necessary to remove the hazard and clean the floor. (*Id.*) The policy also instructs employees to carry a paper towel in their pocket so that if a small amount of liquid is noticed they can easily clean it from the floor. (*Id.*) Baker testified by affidavit that the restroom was inspected regularly on July 11, 2018. (Dkt. 27-4 ¶ 7.) Both Baker and Destorch testified by affidavit that "[a]ll associates were in compliance with the Publix 'Don't Pass It Up Pick It Up' Policy on July 11, 2018 at all times that [he] was working and more specifically, at the time of Plaintiff's alleged slip and fall." (Dkts. 27-3 ¶ 8; 27-4 ¶ 9.)

## III.  Legal Standard

Federal Rule of Civil Procedure 56 provides that a court "shall grant summary judgment if the movant shows that there is no genuine dispute

as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is material if it "might affect the outcome of the suit under the governing law." *W. Grp. Nurseries, Inc. v. Ergas*, 167 F.3d 1354, 1360 (11th Cir. 1999) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). A factual dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* at 1361 (citing *Anderson*, 477 U.S. at 248).

The party moving for summary judgment bears the initial burden of showing the court, by reference to materials in the record, that there is no genuine dispute as to any material fact. *Hickson Corp. v. N. Crossarm Co.*, 357 F.3d 1256, 1260 (11th Cir. 2004) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). The nonmoving party then has the burden of showing that summary judgment is improper by coming forward with "specific facts" showing there is a genuine dispute for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (citing Fed. R. Civ. P. 56(e)). Ultimately, there is no "genuine issue for trial" when "the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *Id.* (citing *First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 289 (1968)). "[T]he mere existence

of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson*, 477 U.S. at 247–48. A district court must "resolve all reasonable doubts about the facts in favor of the non-movant[] and draw all justifiable inferences in his or her favor." *Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1115 (11th Cir. 1993) (alteration adopted) (quoting *United States v. Four Parcels of Real Prop.*, 941 F.2d 1428, 1437 (11th Cir. 1991)).

## IV.   Discussion

To prevail on a slip-and-fall claim, the plaintiff must prove "(1) that the defendant had actual or constructive knowledge of the hazard; and (2) that the plaintiff lacked knowledge of the hazard despite the exercise of ordinary care due to actions or conditions within the control of the owner/occupier." *Robinson v. Kroger Co.*, 493 S.E.2d 403, 414 (Ga. 1997).

### A.   Defendant's Knowledge

#### 1.   Actual Knowledge

Defendant contends there is no question it lacked actual knowledge. (Dkt. 27-1 at 7.) Plaintiff does not disagree, points to no evidence to the contrary, and focuses exclusively on constructive knowledge. (Dkt. 31 ¶

7

7 ("Defendant denies having actual knowledge, but [] Plaintiff can offer proof of constructive knowledge . . . .").)  The Court, therefore, looks to whether Defendant had constructive knowledge.  *See Lomax v. Kroger Co.*, 824 S.E.2d 629, 631 n.1 (Ga. Ct. App. 2019) ("The plaintiffs do not contend Kroger had actual knowledge of the water puddle on the floor. Therefore, in order to demonstrate knowledge, the plaintiffs must point to evidence that Kroger had constructive knowledge of the hazard.").

## 2.    Constructive Knowledge

Constructive knowledge may be shown in two ways: (1) a store employee was in the immediate area of the hazard and could have easily seen and removed it or (2) the hazard had been present long enough that the store could have discovered it through reasonable inspection procedures.  *Id.* at 631 (citing *Wallace v. Wal-Mart Stores, Inc.*, 612 S.E.2d 528, 530 (Ga. Ct. App. 2005)).  On the first method, Plaintiff argues that because the restroom is located at the front of the store where "the bulk of store employees are located," there was "certainly an employee in the immediate vicinity."  (Dkt. 31 ¶ 8.)  That is pure speculation.  *See Dixon v. Hansell*, 844 F. App'x 198, 200 (11th Cir. 2021) (per curiam) ("Mere speculation is insufficient to withstand summary

8

judgment.").  There is no evidence to support the notion that the bulk of store employees are located at the front of the store.  Even so, the fact that store employees are at the front of the store near the cash registers does not mean those employees "could have easily seen and removed" the alleged hazard that was in the restroom.  *See Mucyo v. Publix Super Mkts., Inc.*, 688 S.E.2d 372, 374 (Ga. Ct. App. 2009) ("Showing that an employee was merely working in the immediate area of a foreign substance is not enough; the employee must have been in a position to have easily seen the substance and removed it.").

Because there is no evidence that store employees were in the immediate area when Plaintiff fell and could have easily seen and removed the hazard, Plaintiff must use the second method of proving constructive knowledge.  *Shepard v. Winn Dixie Stores, Inc.*, 527 S.E.2d 36, 38 (Ga. Ct. App. 1999).  Under that method, constructive knowledge may be inferred when there is evidence the owner lacked a reasonable inspection policy.  *Hill v. Publix Super Mkts., Inc.*, No. 1:16-CV-4245-MHC, 2018 WL 11348585, at *5 (N.D. Ga. Feb. 5, 2018) (citing *Matthews v. The Varsity, Inc.*, 546 S.E.2d 878, 880–81 (Ga. Ct. App. 2001)).  In seeking summary judgment, a defendant has the initial burden of

showing that it exercised reasonable care in inspecting the premises. *Id.* (citing *Hopkins v. Kmart Corp.*, 502 S.E.2d 476, 478 (Ga. Ct. App. 1998)). In other words, to prevail at summary judgment based on a lack of constructive knowledge, a defendant must show not only that it had a reasonable inspection policy in place, but that such program was actually carried out at the time of the incident. *Nealy v. Wal-Mart Stores E., LP*, No. 1:19-cv-01379-AT, 2021 WL 3398145, at *9 (N.D. Ga. Jan. 26, 2021). If the defendant satisfies that burden, then the burden shifts to the plaintiff to show (1) how long the substance was on the floor and (2) that the substance was on the floor long enough for knowledge of it to be imputed to the defendant. *Hill*, 2018 WL 11348585, at *5 (citing *Hopkins*, 502 S.E.2d at 478). "[S]ummary adjudication as to constructive knowledge arising from the duty to inspect is not authorized absent plain, palpable[,] and undisputable proof that customary inspection procedures or cleaning practices were in place, were actually followed[,] and were adequate to guard against known or foreseeable dangers at the time of the patron's alleged injuries." *See Burnett v. Ingles Mkts., Inc.*, 514 S.E.2d 65, 68 (Ga. Ct. App. 1999).

Defendant's inspection policy requires employees to visually scan the floors while they are working.  If an employee observes any debris or other hazardous condition, he or she must remove the hazard when it is discovered or stay with the hazard until another employee retrieves the materials necessary to remove the hazard and clean the floor.  The policy also instructs employees to carry a paper towel in their pocket so that if a small amount of liquid is noticed they can easily clean it from the floor. Putting aside whether this policy is reasonable, Defendant has not provided plain, palpable, and undisputable proof that the inspection policy was actually followed on July 11, 2018, and therefore summary judgment on this basis is improper.  The evidence Defendant relies on to support that inspections of the restroom were actually conducted on the date of Plaintiff's injuries are two affidavits—one from Baker (the customer service manager) and another from Destorch (the store manager).  Neither Baker's affidavit nor Destorch's affidavit state that they individually conducted any inspections; rather, these affidavits merely state that the restroom "was inspected regularly" and all employees "were in compliance" with the inspection policy.  For example, Baker said the restroom was inspected regularly on July 11, 2018, and

both Baker and Destorch testified by affidavit that "[a]ll associates were in compliance with the Publix 'Don't Pass It Up Pick It Up' Policy on July 11, 2018 at all times that [they were] working and more specifically, at the time of Plaintiff's alleged slip and fall." (Dkts. 27-3 ¶ 8; 27-4 ¶¶ 7, 9.) Under Georgia law, evidence of this nature is insufficient to show that such an inspection policy was actually carried out at the time of the incident.[2]   Nowhere in Baker's and Destorch's affidavits, or in any

---

[2] *See, e.g.*, *Davis v. Bruno's Supermarkets, Inc.*, 587 S.E.2d 279, 281 (Ga. Ct. App. 2003) (store not entitled to summary judgment based on store manager's affidavit, which presented evidence of the store's general inspection policies and procedures used the day of the incident, because his affidavit did "not show that he personally observed or conducted the inspection[, so t]herefore the affidavit was legally insufficient"); *Shepard*, 527 S.E.2d at 38–39 (store not entitled to summary judgment based on store manager's affidavit, which presented evidence of the store's general inspection procedures and the procedures used the day the plaintiff fell, because his affidavit did "not reflect that he observed or had personal knowledge of the inspection procedures carried out on that particular day"); *Nealy*, 2021 WL 3398145, at *11–12 (store not entitled to summary judgment based on declarations that merely stated the inspections "were conducted" and procedures "were followed"); *Funez v. Wal-Mart Stores E., LP*, No. 1:12-cv-0259-WSD, 2013 WL 11981902, at *4 (N.D. Ga. Apr. 30, 2013) ("Here, the only evidence to support Defendant's compliance with its inspection procedures is Murray's conclusory assertion that he 'has personal knowledge that on August 31, 2010, the policies and procedures described herein were followed.' . . . Simply put, while he may be able to testify generally about Defendant's inspection procedures, Murray fails to provide a factual basis

evidence in the record, does Defendant provide any specific information about the alleged inspections on July 11, 2018. There is no record evidence about what time of day any alleged inspection of the restroom occurred, there is no log listing that any particular employee performed an inspection, and no documentation noting the findings of any inspection. The Court cannot conclude as a matter of law that Defendant's inspection policy was followed under these circumstances. As a result, Defendant did not successfully shift the burden to Plaintiff, and summary judgment is inappropriate on this ground.

**B.    Superior or Equal Knowledge**

As mentioned above, to prevail on a slip-and-fall claim, the plaintiff must also prove that she "lacked knowledge of the hazard despite the exercise of ordinary care due to actions or conditions within the control of the owner/occupier." *Robinson*, 493 S.E.2d at 414. The plaintiff's evidentiary burden on this "second prong is not shouldered until the defendant establishes negligence on the part of the plaintiff—i.e., that the plaintiff intentionally and unreasonably exposed self to a hazard of

---

for his statement that the inspection procedures were being carried out at the time of Plaintiff's fall.").

which the plaintiff knew or, in the exercise of ordinary care, should have known." *Id.* The court must "determine whether the record shows plainly, palpably, and without dispute that [the] plaintiff had knowledge of the hazard equal or superior to that of [the] defendant[] or would have had equal or superior knowledge had the plaintiff exercised ordinary care for personal safety." *LeCroy v. Bragg*, 739 S.E.2d 1, 3 (Ga. Ct. App. 2013) (citing *McLemore v. Genuine Parts Co.*, 722 S.E.2d 366 (Ga. Ct. App. 2012)).

While there is evidence that Defendant had constructive knowledge of the hazard, the uncontroverted evidence shows "plainly, palpably, and without dispute" that Plaintiff had at least equal knowledge of the presence of the hazard before she slipped and fell on it. When Plaintiff entered the restroom, she noticed the floor had some wet spots and trash on it. She walked through the area without incident to the handicapped stall. She noted that the floor was slippery at the time. She used the handicapped stall for a few minutes and then began to exit the restroom. Despite having seen wet spots on the floor, Plaintiff did not look at the floor while she was exiting the restroom. She testified that she would have seen the water on the floor had she looked down. In the light of

Plaintiff's testimony, Plaintiff had at least equal knowledge of the hazard that caused her injuries as Defendant and thus she cannot recover. *See, e.g.*, *Houston v. Wal-Mart Stores E., LP*, 749 S.E.2d 400, 402 (Ga. Ct. App. 2013) (finding that the plaintiff had "as much knowledge of the hazard that caused his injuries as the defendants" because he testified that "he had seen the boxes on the floor, walked across the boxes once without any problem, and then slipped and fell on the boxes when he chose to walk back over them"); *LeCroy*, 739 S.E.2d at 3–4 (finding that the plaintiff had at least equal knowledge of the hazardous pothole because the evidence was "plain, palpable, and undisputed" that she saw the pothole when she drove into the parking lot and she could have seen she was placing her foot in the pothole if she had looked).

Defendant is entitled to summary judgment because Plaintiff's knowledge of the hazard that caused her fall was at least equal to that of Defendant's knowledge.

## V.   Conclusion

The Court **GRANTS** Defendant's motion for summary judgment (Dkt. 27).  The Clerk is **DIRECTED** to **CLOSE** this case.

15

**SO ORDERED** this 13th day of January, 2022.

_____
MICHAEL L. BROWN
UNITED STATES DISTRICT JUDGE